**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Sheryl EGGERS a/k/a Sheryl Fenk, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1999.

Filed Nov. 23, 1999.

Mitchell A. Kaufman, Asst. Public Defender, Pittsburgh, for appellant.

* Retired Justice assigned to the Superior Court.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CAVANAUGH, DEL SOLE and MONTEMURO *, JJ.

DEL SOLE, J.:

¶ 1 Appellant brings this appeal from the judgment of sentence entered following the revocation of her probation. We vacate and remand.

¶ 2 Necessary to a resolution of this appeal is a discussion of the facts and relevant procedural history of this case. Upon allegations that Appellant had unlawfully obtained welfare benefits, she was charged with violation of the Welfare Code—Public Assistance, False Statements, 62 P.S. § 481. In January 1991, Appellant pled guilty and was sentenced to a term of probation of seven years, with costs to be paid and restitution ordered in the full amount of $4,993.55 at the rate of at least $50.00 per month through arrangements with the Department of Welfare. At the time of her plea and sentencing, Appellant's only source of income for herself and her two minor children was $400 per month she received in welfare benefits. Appellant did not have employment and the court failed to hold an inquiry into Appellant's ability to pay.

¶ 3 In February 1993, a probation revocation hearing was held as Appellant failed to make the restitution as ordered and had incurred a new conviction for a Welfare Code violation. At the hearing, it was indicated Appellant requested the Department of Welfare deduct the restitution amount from her monthly check. Appellant also informed the court that she had a part-time, twelve-hour per week job. The probation officer noted that no court order had been entered permitting the Department of Welfare to deduct money from Appellant's public assistance check. No further inquiry of Appellant's ability to pay was conducted. Appellant's probation was continued and the Department of Welfare

was directed to deduct $40.00 per month from Appellant's benefits to fulfill her restitution obligation.

¶ 4 In April 1998, a second probation revocation hearing was held for failure to complete the payment of restitution and court costs. A representative of the probation office reported that sixteen payments had been made through the clerk of courts which totaled $135. No evidence was offered to verify whether the Department of Welfare had been making deductions from Appellant's check as ordered by the court in 1993. Appellant indicated that the Department of Welfare was deducting money from her check and the additional payments to the clerk of courts had been her effort to pay extra toward the debt and to show good faith. Appellant's extra payments stopped during the time that she was laid-off from her part-time job. Appellant's counsel stated that Appellant had recently retained full-time employment at a restaurant and was willing to execute a voluntary wage attachment. The probation office requested the court revoke probation, impose a period of intermediate punishment, consisting of electronic monitoring, followed by a consecutive period of probation. At the conclusion of the hearing, the court revoked probation and imposed a sentence of one to seven years imprisonment. A petition to reinstate appellate rights was granted and this appeal followed

¶ 5 Appellant presents the following issues for our review: (1) whether the probation revocation court properly revoked Appellant's probation and erred in failing to consider alternatives to incarceration; (2) whether the probation revocation court stated sufficient reasons on the record for imposition of the sentence of incarceration; and (3) whether the court abused its discretion in imposing a sentence of total confinement.

¶ 6 The scope of review in an appeal from the judgment of sentence imposed following probation revocation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109 (1994).

¶ 7 First, Appellant argues that the revocation court improperly revoked her probation as the court failed to make a finding that Appellant had the resources to pay and willfully failed to make payments. We agree.

¶ 8 The United States Supreme Court, in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) held that a term of probation may not be revoked for failure to pay fines absent certain considerations by the revocation court. Specifically, *Bearden* states the following:

> We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment. (Footnote omitted).

*Bearden, supra*, 461 U.S. at 672, 103 S.Ct. at 2073, 76 L.Ed.2d at 233. The holding has been interpreted by this court as requiring the revocation court to inquire into

the reasons for a defendant's failure to pay and to make findings pertaining to the willfulness of the party's omission. *Commonwealth v. Dorsey*, 328 Pa.Super. 241, 476 A.2d 1308, 1312 (1984).

¶ 9 Upon review of the record, we find the trial court did not make any inquiry into the reasons surrounding Appellant's failure to pay. A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay, as prescribed by *Dorsey*. After making those determinations, if the court finds the probationer "could not pay despite sufficient bona fide efforts to acquire the resources to do so," the court should then consider alternatives to incarceration in accordance with *Bearden*, 461 U.S. at 672, 103 S.Ct. at 2073, 76 L.Ed.2d at 233.

¶ 10 Despite evidence of Appellant's obvious indigence [1] the lower court made no judicial inquiry into the ability to pay and reasons for Appellant's failure to make payment. Also disregarded was an inquiry into whether the failure to pay was willful, and if willful, whether alternatives to incarceration were proper. Rather, the only evidence into ability to pay presented at the hearing was the fact that for some time during her probationary period, Appellant held a part-time job at a local restaurant and had recently started a new job. In addition, the court ignored the fact that Appellant had been making additional payments to the clerk of courts above the amount deducted by the Department of Welfare.

¶ 11 Consequently, we reverse the judgment of sentence and remand this case for a new probation revocation hearing. Furthermore, we remind the lower court that in Pennsylvania, we do not imprison the poor solely for their inability to pay fines. Pa.R.Crim.P. 1407(a).[2]

¶ 12 Judgment of sentence vacated and case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

¶ 13 Judge CAVANAUGH concurs in the result.

---

1. We note that the basic facts of the case, that Appellant received public assistant multiple times joined with the fact that Appellant was represented by the Allegheny County Public Defender's Office, invite the presumption of indigence.

2. Due to our disposition of Appellant's first issue, we find it unnecessary to address the other issues presented in Appellant's brief.