J-S06001-15
**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH L. MILLER | |
| Appellant | No. 3014 EDA 2012 |

Appeal from the Judgment of Sentence September 21, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0501021-2004

BEFORE: BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

DISSENTING STATEMENT BY FITZGERALD, J.:  **FILED FEBRUARY 18, 2015**

I respectfully dissent.  In my view, the trial court's statement of reasons did not support its decision to revoke Appellant's probation in light of the record.  Instantly, the trial court emphasized that it revoked Appellant's probation for his failure to save money for a required polygraph test.  **See** Trial Ct. Op., 7/17/13, at 2 n.1.[1]  However, the record established

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant also admitted to being in the presence of minor children while staying at his mother's home.  However, the trial court did not revoke Appellant's probation for that reason.  **See** Trial Ct. Op. at 2 n.1.  Moreover, the Probation Department did not seek revocation of Appellant's probation after that incident, but rather afforded him "roughly five months," from February 2012 to June 2012, to save money for a polygraph test, which he failed to do.  **See** N.T., 7/20/12, at 6.  The trial court also observed

that Appellant lived at his mother's home, his annual income was $205 per month, and the required test cost $305.[2]  Although the court suggested Appellant had ample time to save, but refused to do so, I believe Appellant established a *prima facie* case of indigence that should have been addressed before the trial court revoked his probation based on a willful failure to save or pay for a required test.  **See generally Commonwealth v. Eggers**, 742 A.2d 174, 176 (Pa. Super. 1999); **see also Miller v. Pa. Bd. of Prob. & Parole**, 784 A.2d 246, 249 (Pa. Cmwlth. 2001).  Therefore, I would remand this matter for a new revocation hearing.

---

Appellant also had some nineteen months—from his 2010 violation of probation to June 2012—to save for a test.

[2] Based on the present record Appellant's average daily income was $6.74. Although there was some indication that Appellant's mother planned to assist him financially before her death in May of 2012, neither party developed a record regarding this possible assistance or income, or other financial support Appellant may have had.