J-A07030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID ALFONCE GOAD | : | |
| Appellant | : | No. 633 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 17, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006149-2017

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 21, 2021**

Appellant, David Alfonce Goad, appeals from the Judgment of Sentence entered on March 17, 2020, at the conclusion of his probation violation hearing. Relevant to our analysis, the court, after finding a technical probation violation, continued Appellant's probation and installment payment plan rather than incarcerating him for his probation violation. With this appeal, Appellant's counsel has filed a Petition to Withdraw as Counsel and an **_Anders_**[1] Brief. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

On April 3, 2018, Appellant pleaded guilty to retail theft.[2] The court sentenced him to two years' probation and payment of $2,266.25 in fines and costs. The court placed Appellant on a $25-per-month installment payment plan. Appellant failed to make payments on multiple occasions, including from April to September 2019.

On January 9, 2020, the Commonwealth initiated probation revocation proceedings due to Appellant's missed payments. The court held a brief probation violation hearing on March 17, 2020. At the conclusion of the hearing, the court continued Appellant's probation and $25-per-month installment payment plan.[3]

Appellant *pro se* filed a timely Notice of Appeal. Both Appellant and the resentencing court complied with Pa.R.A.P. 1925. On August 24, 2020, this Court issued an Order remanding Appellant's case to the resentencing court to determine his eligibility for court-appointed counsel. The court appointed counsel on September 24, 2020. On December 15, 2020, counsel filed an **Anders** Brief and accompanying Application to Withdraw.

As a preliminary matter, we address counsel's request to withdraw. For counsel to withdraw, our Supreme Court has determined that, pursuant to **Anders**, counsel must meet the following requirements:

---

[2] 18 Pa.C.S. § 3929(a)(4).

[3] The court ordered Appellant to report to the Monetary Compliance Unit to satisfy his obligations under the installment payment plan.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel has fulfilled the above requirements. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Having addressed counsel's technical compliance with *Anders*, we will address the substantive issue counsel has raised. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant's counsel initially asserts that the resentencing court erred by not inquiring into the willfulness of Appellant's failure to pay his fines. *Anders* Br. at 12-13. Counsel maintains that such a challenge would be frivolous,

however, because the court continued Appellant's probation rather than incarcerating him. *Id.* After review, we agree that this issue is without merit.

Before a court can revoke or increase conditions of probation, it must hold a hearing at which it considers "the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." 42 Pa.C.S. § 9771(d). In the context of a technical violation for failure to pay fines, the court must find that the defendant willfully failed to pay before resentencing the defendant to incarceration. ***Commonwealth v. Eggers***, 742 A.2d 174, 175 (Pa. Super. 1999). There is no such requirement, however, where the court does not revoke or increase the terms of the defendant's probation.

In the instant case, at Appellant's violation hearing, the court, after finding a technical probation violation, continued Appellant's probation and installment payment plan. N.T. Hearing, 3/17/20, at 2-3. It did not revoke or increase the conditions of Appellant's probation. *Id.* Therefore, the court was not required to find that Appellant willfully failed to pay. As a result, we agree with counsel that this issue is wholly frivolous.

Additionally, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration.

Accordingly, we grant counsel's Application to Withdraw and affirm Appellant's Judgment of Sentence.[4]

Application to Withdraw granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2021

---

[4] Notwithstanding our conclusion that Appellant's appeal is frivolous, we remind the court that it has not ruled on Appellant's Pa.R.Crim.P. 706(D) Motions filed on July 31, 2019, and January 16, 2020. It is important that the court promptly resolve these Motions.