J-S11024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DONTEZ RAMON MCCLURKIN | : | |
| Appellant | : | No. 686 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 24, 2019,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0002524-2019.

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED:  August 19, 2021**

Dontez Ramon McClurkin appeals from the judgment of sentence imposed after he pled guilty to two drug charges. We affirm.

The pertinent facts and procedural history are as follows. On October 24, 2019, McClurkin entered a guilty plea to two counts of possession with intent to deliver a controlled substance. That same day, the trial court sentenced McClurkin to six months of probation and directed him to pay court costs in the amount of $1,821.15. On November 2, 2019, McClurkin filed a post-sentence motion to waive court costs. This motion was denied by

_____

[*] Retired Senior Judge assigned to the Superior Court.

operation of law on March 2, 2020. This timely appeal followed. Both McClurkin and the trial court have complied with Pa.R.A.P. 1925.

McClurkin raises one issue for our review: "Did the trial court err in imposing court costs on [him] without considering his financial resources and ability to pay?" McClurkin's Brief at 3.

McClurkin's claim challenges the trial court's authority to impose court costs which implicates the legality of his sentence. *See Commonwealth v. Starr,* 234 A.3d 755 (Pa. Super. 2020). "When the legality of a sentence is at issue on appeal, our standard of review is *de novo,* and the scope of review is plenary." *Commonwealth v. Mendozajr,* 71 A.3d 1023, 1027 (Pa. Super. 2013) (citation and quotation marks omitted).

The Judiciary Code requires a trial court to order a convicted defendant to pay costs pursuant to 42 Pa.C.S.A. § 9721(c.1), which provides:

> **Mandatory payment of costs.—**Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), **the court shall order the defendant to pay costs**. In the event the court fails to issue an order for costs pursuant to section 9728, **costs shall be imposed upon the defendant under this section**. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1) (emphasis added).

- 2 -

Rule 706 of the Pennsylvania Rules of Criminal Procedure only requires a trial court to determine a defendant's ability to pay costs or fines before incarcerating a defendant for non-payment. The Rule provides:

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.
>
> (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.
>
> (C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.
>
> (D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

McClurkin contends that Pennsylvania statutes and the Rules of Criminal Procedure require consideration of a defendant's ability to pay prior to the

sentencing court imposing costs, and that such costs should be waived where a client is indigent. McClurkin relies on Rule 706(C) and argues that this provision requires a court to determine the defendant's ability to pay costs at the time of sentencing and not just prior to incarceration.

In support of his argument, McClurkin relies on cases regarding the ability-to-pay *fines* rather than the question of the offender's ability to pay costs. *See Commonwealth v. Martin,* 335 A.2d (Pa. Super. 1975) (holding that an ability-to-pay determination was required for fines but not ruling on if such a determination was required for costs); *Commonwealth v. Mead,* 446 A.2d 971 (Pa. Super 1982) (analyzing statute 42 Pa. C.S. 9726 (d) pertaining to the court evaluating the financial burdens on defendants as it relates to fines).

McClurkin also relies on this Court's ruling in *Commonwealth v. Eggers* 742 A.2d 174, 176 n.1 (Pa. Super. 1999), where we held that the "presumption of indigence" was invited when an individual is receiving public assistance and using the services of a public defender. McClurkin argues that his limited financial resources "invite the presumption of indigence" and that his costs should be substantially reduced or waived due to his indigent status. McClurkin's Brief at 11.

Finally, McClurkin argues that he was entitled to a hearing to consider his ability to pay costs. As the trial court did not make an ability-to-pay determination at the time of sentencing, McClurkin argues that the case should

be remanded for a new determination of applicable costs that consider McClurkin's indigent status.

We are not persuaded by McClurkin's arguments. Rule 706(C) contains no language describing when an ability-to-pay determination must be made, nor does it specify that such a determination is to be made at the time of sentencing. Instead, the timing of this determination is set forth in Rule 706(A), which prohibits the court from committing a defendant to prison for failure to pay a fine or costs, until it determines at a hearing, that the defendant had the ability to pay them. Pa.R.Crim.P. 706(A).

This Court recently confirmed in ***Commonwealth v. Lopez*** 248 A.3d 589 (Pa. Super. 2021) that the trial court has discretion regarding whether to hold an ability-to-pay hearing at the time of sentencing. Although the trial court may consider a defendant's ability to pay costs at that time, it is not required. A hearing is only required prior to incarcerating a defendant for failure to pay any costs imposed. ***Id.*** at 595 (explaining that the mandate for an ability-to-pay hearing arises only when the defendant is in peril of going to prison for failing to pay costs that were imposed).

Here, McClurkin was not entitled to an ability-to-pay hearing at the time of sentencing, because he was not being threatened with incarceration for his inability to pay. As such, the trial court observed that his arguments were premature:

> Pennsylvania Rule of Criminal Procedure 706(c) requires that a court: "…consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations" in determining the amount or method of payment of the fine. This Court considered those criteria when imposing the court costs that it did. At such time that the defendant proves unable to make payment or payment installments on his court costs as directed by the Department of Court Records or his probation officer, and/or finds himself in arrears and facing court action, he may seek modification of the installment plan. A request to waive the entire court costs upon sentencing and/or in a Post-Sentence Motion, however, was properly denied by this Court as premature and judgment of sentence in that regard should be affirmed.

Trial Court Opinion, 9/9/2020, at 1-3 (unnecessary capitalization and references to the record omitted). We agree.

The trial court did not err in failing to conduct an ability-to-pay hearing prior to dismissing his motion to waive those court costs. Because McClurkin's sole issue on appeal merits no relief, we affirm his judgment of sentence.

Judgment of the sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2021

- 6 -