J-A15034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
              v.                 :
                                 :
                                 :
                                 :
DEREK MARSHALL                   :
                                 :
          Appellant              :     No. 558 WDA 2022

Appeal from the Order Entered April 8, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003258-2016


BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED:  August 9, 2023**

Derek Marshall (Marshall) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) revoking probation for failure to pay the full amount of restitution and sentencing him to an additional five years' probation.  We vacate and remand.

The facts are not in dispute.  On January 9, 2017, Marshall pled guilty to two counts of theft by unlawful taking, one count of receiving stolen property, and one count of conspiracy[1] and was sentenced to five years' probation.  As a condition of his probation, Marshall was ordered to pay $68,031.43 in restitution to an individual, an insurance company and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3921(a), 3925(a), 903.

business. Marshall's probation began January 9, 2017, and was set to end on January 9, 2022. During this five-year probation term, Marshall paid a total of $2,496 in restitution. A civil judgment was entered against Marshall to secure the payment of that restitution. *See* 42 Pa.C.S. § 9728.

In late 2021, before Marshall's probation ended, the probation office sought to revoke Marshall's probation on the ground that he had violated his probation by failing to pay restitution. Section 1106 of the Crimes Code addresses the payment of restitution as a condition of probation and parole providing:

> (b) Condition of probation or parole.--Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, the offender's compliance with such order may be made a condition of such probation or parole.
>
> ***
>
> (f) Noncompliance with restitution order.--Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution shall notify the court within 20 days of such failure.... Upon such notice of failure to make restitution, or upon receipt of the contempt decision from a magisterial district judge, the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole.

18 Pa.C.S.§ 1106 (b) & (f).

A **Gagnon**[2] I hearing was held on November 30, 2021, at which Marshall was advised of the probation violation charge and the hearing officer found probable cause that Marshall had violated his probation. The trial court then held a **Gagnon** II hearing on April 8, 2022, at which the probation office asserted that Marshall's failure to pay the full restitution was a violation of his probation and sought revocation of his probation on this ground. Marshall's counsel requested that his probation not be revoked because Marshall was, in fact, making restitution payments and would still be subject to the requirement to pay restitution after probation ended.

The only evidence at this hearing concerning Marshall's ability to pay the restitution or his reasons for not paying more consisted of Marshall's testimony that he was working as a waiter and cook, that he had a horse stable at which he gave lessons and was trying to set up an equine therapy business, and that he was trying his best to make payments; there was no evidence of Marshall's income, the amount of his assets or his living expenses. Although the January 9, 2017 order stated that "[t]he court has established a payment plan in which the case payments will begin 30 days from the date of this order with first payment due on the first day of the following month," 1/9/17 Sentence Order, there was no evidence as to what monthly amounts Marshall was required to pay under that plan.

_____

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

At the conclusion of this hearing, the trial court revoked Marshall's probation and sentenced him to an additional five years' probation. This new sentence required Marshall "to make regular payments on the balance of restitution owed" and provided that the probation would terminate once the restitution was paid in full. The trial court made no finding that Marshall had been able to pay more than the restitution payments that he was making or that his failure to pay more than the $2,496 that he paid was willful. Rather, the trial court found that there was a sufficient basis to revoke probation because Marshall "violated his restitution order by failing to timely complete payments during his probationary period" and because "as [Marshall's] payment of restitution was a condition of his probation, failure to pay restitution is a violation of the terms and conditions of probation." Trial Court Opinion at 4-5.

On April 29, 2022, Marshall filed a motion for leave to file a post-sentence motion *nunc pro tunc*, which the trial court granted, and a motion to vacate the probation revocation and sentence. The trial court did not rule on Marshall's motion to vacate and Marshall appealed before the appeal deadline expired. The issues in this appeal are whether the trial court's revocation of Marshall's probation and imposition of an additional probation sentence without a finding that Marshall willfully failed to pay restitution that he was

financially able to pay is error and, if so, whether the result is termination of Marshall's probation or a remand for a further probation revocation hearing.[3]

**I.**

**A.**

A court cannot revoke probation or parole for non-payment of fines, costs or restitution absent a determination that the failure to pay is willful or that the probationer made insufficient bona fide efforts to acquire the resources to pay and is not merely the result of inability to pay. *Commonwealth v. Allshouse*, 969 A.2d 1236, 1242-43 (Pa. Super. 2009); *Commonwealth v. Ballard*, 814 A.2d 1242, 1247 (Pa. Super. 2003); **Commonwealth v. Eggers**, 742 A.2d 174, 175-76 (Pa. Super. 1999); *Commonwealth v. Dorsey*, 476 A.2d 1308, 1312 (Pa. Super. 1984).  This requirement exists to prevent indigent defendants from being sentenced to prison solely because they do not have enough money.  *Bearden v. Georgia*, 461 U.S. 660, 667 (1983).  Such an outcome would violate the fundamental fairness guaranteed to defendants under the Fourteenth Amendment.  *Id.* at 672–73.

---

[3] This Court's review is "limited to the validity of the revocation proceedings and the legality of the judgment of sentence."  *See*, *e.g.*, *Commonwealth v. Anderson*, 788 A.2d 1019, 1022 (Pa. Super. 2001), citing *Commonwealth v. Gheen*, 688 A.2d 1206 (Pa. Super. 1997).

Marshall contends that the requisite inquiry was not made by the trial court into his ability to pay but impermissibly treated non-payment automatically as a technical violation of probation. The Commonwealth concedes and we agree that the trial court's revocation of Marshall's probation without a determination that the failure to pay more was willful and not due to inability to pay was in error. Commonwealth's Brief at 4-5.

We agree because the trial court did not make the requisite determination that Marshall's failure to pay more $2,496 was willful or that he had the ability to pay more in restitution during the five years of his probation. Although the trial court stated that it considered Marshall's ability to pay "in setting a new probationary period," [again, without setting any payment terms]" it did not state that it considered his ability to pay in determining whether Marshall had violated his probation or its decision to revoke his probation. Trial Court Opinion at 4.

**B.**

While there is agreement that the trial court erred in not conducting an "ability to pay" hearing, Marshall and the Commonwealth disagree on the remedy. Marshall contends that he is entitled to termination of his probation because doing so would be futile.[4] The Commonwealth instead contends that

_____

[4] Marshall's argument is that a further probation revocation hearing would be futile because he can only be found to have violated his probation if he was unable to pay the full $68,031.43 restitution before the end of his 2017 five-
*(Footnote Continued Next Page)*

- 6 -

the case should be remanded for a new probation revocation hearing to consider evidence concerning Marshall's ability to pay, such as Marshall's income and expenses and his payment history. Nonetheless, both agree that the restitution obligation will remain in effect and enforceable under 42 Pa.C.S. § 9728 until it is paid in full regardless of whether Marshall's probation is terminated.

We agree with the Commonwealth and decline to terminate Marshall's probation because, as in other cases, where there is insufficient evidence to determine whether the defendant's failure to pay was willful or whether he lacked the ability to pay, we have remanded for a new hearing rather than vacating the revocation with no further proceedings on the ground that no violation was proven. *Eggers*, 742 A.2d at 176; *Dorsey*, 476 A.2d at 1313.

On remand, the burden is on the Commonwealth to show by a preponderance of the evidence that the defendant violated his or her probation. *Commonwealth v. Foster*, 214 A.3d 1240, 1243, 1253 n.16 (Pa. 2019); *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014);

_____

year probation sentence, which the Commonwealth cannot possibly establish. Marshall cites no authority for the proposition that a defendant can simply ignore his restitution obligation or pay far less than he has the ability to pay just because he cannot satisfy the restitution obligation in its entirety. In any event, it cannot be conclusively said from this record that Marshall was unable to pay the full restitution, as there is evidence in the record that Marshall had more than one income source and Marshall admitted owning a horse stable, although there is no evidence as to the amount of Marshall's income or the value of that asset. N.T., 4/8/22, at 3-4.

*Allshouse*, 969 A.2d at 1241. It satisfies that burden when it introduces evidence that the defendant has failed to pay restitution in the manner set forth in the conditions of probation. Because it is a defense, the burden then shifts to the defendant to demonstrate an inability to pay. Once a showing of inability to pay has been made out, the burden then shifts back to the Commonwealth to disprove or counter defendant's proffered evidence. *Miller v. Pennsylvania Board of Probation and Parole*, 784 A.2d 246, 248 (Pa. Cmwlth. 2001); *Commonwealth ex rel. Powell v. Rosenberry*, 645 A.2d 1328, 1331 (Pa. Super. 1994). To insure that a defendant is not subject to incarceration because he or she cannot pay a debt, it appears that the trial court also appears to have an independent obligation to inquire into the defendant's ability to pay if the defendant for some reason makes no effort to do so. *Ballard*, 814 A.2d at 1247;[5] *Dorsey*, 476 A.2d at 1312.

---

[5] At that cite, *Ballard*, quoting from *Eggers*, stated:

> Prior to revoking probation on the basis of failure to pay fines, costs or restitution, the court must "inquire into the reasons for a defendant's failure to pay and . . . make findings pertaining to the willfulness of the party's omission. *Eggers* at 175-76. In other words,
>
>> A proper analysis should include an inquiry into the reasons surrounding the probationer's failure to pay, followed by a determination of whether the probationer made a willful choice not to pay. . . . After making those determinations, if the court finds the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so,

*(Footnote Continued Next Page)*

In this case, if the trial court finds that Marshall did not have the ability to pay $68,031.43 in full during the five years, then the Commonwealth's petition to revoke probation should be dismissed. If he did have the ability to pay, the trial court has the discretion to find that Marshall has violated a condition of probation and extend probation to insure payment of restitution or decline to do so and find that collection through 42 Pa.C.S. § 9728 is more appropriate.[6]

Accordingly, for the foregoing reasons, we vacate the trial court's order revoking probation and remand for further proceedings consistent with this memorandum.

Order vacated and remanded. Jurisdiction relinquished.

_____

the court should then consider alternatives to incarceration.
. . .

*Id.* at 176 (citations and internal quotation marks omitted).

[6] Marshall also argues that he is entitled to termination of his probation regardless of whether he had the ability to pay because a civil judgment has been entered against him for the restitution. The sole basis for the claim that entry of a judgment is grounds for terminating probation is a non-precedential decision of this Court, *Commonwealth v. Bolds*, No. 163 EDA 2021 (Pa. Super. Jan. 7, 2022) (unpublished). *Bolds* is not applicable because it had repeatedly been improperly extended without proof that she was non-compliant with a restitution payment schedule. *Bolds*, No. 163 EDA 2021, slip op. at 3 n.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2023