450 A.2d 102

**COMMONWEALTH of Pennsylvania**

v.

**Albert Wayne RUDY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1982.

Filed Sept. 3, 1982.

Allen E. Hench, Newport, for appellant.

R. Scott Cramer, Assistant District Attorney, Duncannon, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

The only questions raised by this appeal are whether the court below erred in revoking the defendant's parole for the technical violation of the parole condition to immediately report a criminal arrest to his parole officer; and the issue of the court below's alleged failure to fulfill the guidelines set forth in the sentencing code.

The defendant pled guilty to theft by receiving stolen goods on February 4, 1980 and entered a plea of nolo contendere to a second count of theft by receiving stolen property. He was sentenced by Judge Quigley on March 20, 1980 to pay the costs of prosecution of $130, make restitution in the amount of $272, pay to the use of Perry County $250, and undergo imprisonment in the Perry County Prison for a period of not less than four (4) days nor more than twelve (12) months, to be paroled immediately. The parole was reimposed on October 30, 1980.

On March 25, 1981 the Commonwealth applied for revocation of probation on a number of complaints but presented proof only that the defendant failed to *immediately* advise his probation officer of an arrest in accordance with the provisions of his parole. Admittedly, this is a technical violation but the word "immediately" is easily understood and the court below felt strongly that strict adherence to parole and probation conditions was essential or their use would be meaningless. We agree. *Commonwealth v. Holm,* 233 Pa.Superior Ct. 281, 335 A.2d 713 (1975); *Commonwealth v. Mallon,* 267 Pa.Superior Ct. 163, 406 A.2d

569 (1979); *Commonwealth v. Newman,* 225 Pa.Superior Ct. 327, 310 A.2d 380 (1973). However, after hearing, the court below entered the following order:

"AND NOW, March 25, 1981, this matter having come forward on the application of the Commonwealth for revocation or probation previously imposed by this Court under date of March 20, 1980, and reimposed under date of October 30, 1980, and the Commonwealth having presented evidence satisfactory to the Court beyond a reasonable doubt of the Defendant's failure to immediately advise his Probation Officer of the fact of his arrest, albeit the Probation Department learned fortuitously of the arrest within approximately twenty-four (24) hours of same. Accordingly, the Probation heretofore imposed is revoked and the Defendant committed to the Perry County Prison for the balance of the term remaining on said Probation, unless sooner paroled by the Court."

■ The Supreme Court of Pennsylvania in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), held that a trial court at the time of sentence must "articulate the reasons for the imposition of the sentence". See also, *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977).

"The requirements of *Riggins* and *Kostka* are equally applicable when a court imposes sentence following the revocation of probation." *Commonwealth v. Aldinger,* 292 Pa.Superior Ct. 149, 436 A.2d 1196–1199 (1981). See also, *Commonwealth v. Plutko,* 286 Pa.Super. 400, 428 A.2d 1390 (1981).

However, *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982), an opinion by Mr. Justice Flaherty, joined in by a Concurring Opinion by Mr. Justice McDermott and a Concurring Opinion by Mr. Justice Roberts, joined in by Chief Justice O'Brien and Mr. Justice Nix, is very persuasive that the standards by which colloquys are judged in pre and post sentencing procedures should take into consideration the circumstances surrounding the trial and the information already made available to the defendant during the trial itself together with the colloquy at sentencing. We agree

with Mr. Justice McDermott that a review of the many cases in this area have generated confusion in the Courts of Common Pleas of the Commonwealth.

However, in this case, we have been unable to find in the record any colloquy made at the time of the original sentence to probation and no colloquy at the time of the revocation of probation and the imposition of the original sentence.

Under the circumstances of this case, the sentence contained in the order is vacated and the case is remanded for resentencing and articulation of the reasons for the sentence imposed. Compliance is required within sixty (60) days of the date of this opinion. Jurisdiction is retained by this Court pending remand.