476 A.2d 1308

**COMMONWEALTH of Pennsylvania**

v.

**Brent Walter DORSEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1983.

Filed May 4, 1984.

Petition for Allowance of Appeal Denied Nov. 12, 1984.

242

243

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Richard A. Sheetz, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before SPAETH, President Judge, and CAVANAUGH and HOFFMAN, JJ.

CAVANAUGH, Judge:

This is an appeal from a Judgment of Sentence after finding a parole violation imposed by the Court of Common Pleas of Lancaster County. The pertinent facts are as follows: Dorsey pled guilty to a charge of robbery and was sentenced to a term of imprisonment of eleven and one-half months to twenty-three months. He was also fined, ordered to pay costs of prosecution, and to make restitution to the victim. Appellant was paroled less than nine months after being incarcerated and was directed as a specific condition of his parole to make payments on his fine, costs and restitution in the amount of $15.00 per week. Appellant subsequently violated the expressed condition of his parole by failing to satisfy the financial obligation imposed by the lower court and was therefore recommitted to serve the balance of his sentence [1]. Dorsey filed a motion to modify sentence which was denied. He then filed this direct appeal. For the following reasons we affirm in part, reverse in part and remand.

Initially, appellant claims that the notice he received informing him of his alleged parole violation and ensuing hearing was invalid; therefore, the lower court erred in even considering a parole violation. Specifically, he avers that the capias, although signed by the lower court prior to the expiration of his parole period, was not filed with the clerk of court until after the termination of his parole, therefore, the notice was invalid. We find no merit to this contention.

Our review of the record shows that the alleged parole violation occurred during the parole period and the notice in question was signed by the lower court five days prior to the expiration of appellant's parole, but the notice

1. The clerk for the Bureau of Collections of the Lancaster County Treasurer's Office testified that appellant satisfied the restitution requirement, therefore only the costs and fine were outstanding.

was not actually filed with the clerk of court's office for almost sixty more days. While not approving of this delay we see in it no prejudice to appellant. We do not agree with appellant's position that in all cases notice of an alleged parole violation must be issued prior to the expiration of a parole period. Furthermore, the record discloses that the Commonwealth complied with all of the required provisions regarding notice of the charges and the subsequent parole revocation hearing. *See Commonwealth v. Kane*, 315 Pa. Super. 212, 461 A.2d 1246 (1983); *Commonwealth v. Ziegler*, 286 Pa.Super. 26, 428 A.2d 220 (1981); *Commonwealth v. DeLuca*, 275 Pa.Super. 176, 418 A.2d 669 (1980); Pa.R.Crim.P. 1409. We therefore conclude that appellant received valid notice pertaining to his parole violation charge and revocation hearing.

Next appellant claims that there was an unreasonable delay between the alleged parole violation and the parole revocation hearing. He argues that there was almost a five month period of delay and that he was prejudiced by this lapse of time since the hearing took place subsequent to the expiration of his parole.[2]

▮▮▮ A revocation hearing may be held after the expiration of the parole period and this does not automatically cause a violation of the parolee's right to a speedy hearing. *Commonwealth v. Gaus*, 300 Pa.Super. 372, 446 A.2d 661 (1982); *Commonwealth v. Burrell*, 497 Pa. 367, 441 A.2d 744 (1982); *Commonwealth v. Ruff*, 272 Pa.Super. 50, 414 A.2d 663 (1979). A revocation hearing however, must be held as speedily as possible and within a reasonable time after the parole violation. *Commonwealth v. Kane, supra; Commonwealth v. Sanders*, 303 Pa.Super. 139, 449 A.2d 617 (1982); Pa.R.Crim.P. 1409. In determining the validity of a claim that an unreasonable delay existed between a parole violation and revocation hearing, the relevant period

**2.** Appellant incorrectly calculated the period of delay to be five months. He erroneously initiated the running of the period on September 18, 1981, when the capias was signed by the lower court but correctly terminated the period on February 12, 1982, the date of his revocation hearing.

is the length of time between custody of a parolee under a valid warrant and the revocation hearing. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Holmes,* 248 Pa.Super. 552, 375 A.2d 379 (1977). A triparte test is then employed in each case to determine the reasonableness of the lapse of time:

> To determine the reasonableness of the delay, the court examines three factors: the length of the delay, the reasons for the delay, and the prejudice to the defendant, as a result of the delay.

*Commonwealth v. Kane, supra,* 315 Pa.Super. at 217–218, 461 A.2d at 1249. *See also, Commonwealth v. Dubuisson,* 303 Pa.Super. 145, 449 A.2d 620 (1982); *Commonwealth v. Edwards,* 303 Pa.Super. 454, 450 A.2d 15 (1982); *Commonwealth v. Sanders, supra; Commonwealth v. Ballard,* 292 Pa.Super. 129, 436 A.2d 1039 (1981). The record discloses that a bench warrant was issued for Dorsey's arrest on November 13, 1981, and he was served with this warrant on November 24, 1981 in a Lancaster County Prison. The revocation hearing took place on February 12, 1982. The length of the delay therefore was not five months but less than three months. *See Commonwealth v. Kane, supra* (eight month delay was held not unreasonable); *Commonwealth v. Dubuisson, supra* (five month delay was held not unreasonable); *Commonwealth v. Johnson,* 277 Pa.Super. 88, 419 A.2d 674 (1980) (seven month delay was held not unreasonable). The reason for the delay was not explained by the Commonwealth, however, appellant does not contend nor do we conclude, based upon our review of the record, that there was a malicious attempt by the Commonwealth to impede appellant's defense. *See, Commonwealth v. Kane, supra; Commonwealth v. Johnson, supra; Commonwealth v. Waters,* 252 Pa.Super. 357, 381 A.2d 957 (1977). More so, we find the delay did not cause appellant's incarceration. Both counsel stipulated that Dorsey was incarcerated on unrelated charges during this period of delay as he was unable to make bail on these charges. We therefore fail to see how appellant was prejudiced by the

delay in scheduling the hearing.[3] Consequently we find the revocation hearing was scheduled in accordance with Pa.R. Crim.P. 1409.

Finally, appellant assigns the following as error by the lower court in revoking his parole: (1) the lower court failed to find that he had the ability to pay the fine and costs or, therefore, that he willfully violated his parole; (2) the lower court failed to articulate its reasons for the sentence it imposed in violation of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and as a result appellant is unable to determine whether the sentence was excessive. We agree with appellant in regard to both of these contentions.

■ The Commonwealth in each probation or parole revocation proceeding must prove by a preponderance of the evidence a violation of such parole. *Commonwealth v. Griggs*, 314 Pa.Super. 407, 461 A.2d 221 (1983) Pa.R.Crim.P. 1409. However, the issue as to whether parole or probation may be revoked for less than willful conduct has remained as an open question in Pennsylvania.[4] *See Commonwealth v. Edward*, 303 Pa.Super. 454, 450 A.2d 15 (1982); *Commonwealth v. DelConte*, 277 Pa.Super. 296, 419 A.2d 780 (1980); *Commonwealth v. Holm*, 233 Pa.Super. 281, 335 A.2d 713 (1975); *Commonwealth v. Rooney*, 233 Pa.Super. 225, 335 A.2d 710 (1975). The U.S. Supreme Court however, in *Bearden v. Georgia*, 461 U.S. 660 at 673–674, 103 S.Ct. 2064 at 2073, 76 L.Ed.2d 221 at 226 (1983) recently decided this

**3.** Appellant does not state in his brief to this court in what manner he was prejudiced by the delay between his parole violation and revocation hearing. The record, however, indicates that appellant's counsel at the PCHA hearing argued that appellant was prejudiced, "due to his inability to be out on the street making money to pay his fine off, his inability to be out on the street better to cooperate with his attorney in the preparation of a defense. "(PCHA N.T. 13). We cannot agree that this argument amounts to any type of prejudice since Dorsey could not make bail on his previous unrelated charges.

**4.** There have been cases where this Court has affirmed revocation and has found willful conduct. *See Commonwealth v. Holm*, 233 Pa.Super. 281, 335 A.2d 713 (1975); *Commonwealth v. Rooney*, 233 Pa.Super. 225, 335 A.2d 710 (1975). The question, however, of whether a court must determine if a parolee's conduct was a willful violation of such parole remained unanswered.

question in regard to revocation proceedings for failure to pay a court imposed financial obligation. The Court stated:

We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, *a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay,* the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment. (Emphasis added).

■ Our review of the record in accordance with the principle enunciated by the United States Supreme Court in *Bearden, supra,* discloses that the Commonwealth's witness, a clerk for the Bureau of Collections of the Lancaster County Treasurer's Office, testified that appellant in excess of one year on parole, made only two nominal payments toward the costs and fine accessed against him by the lower court. We further note appellant did have the opportunity to provide evidence at his revocation hearing that he was indigent and was or would be unable to pay these debts. *Commonwealth ex rel. Benedict v. Cliff,* 451 Pa. 427, 304 A.2d 158 (1973); *Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980); Pa.R.Crim.P. 1407. Nor did appellant offer any evidence concerning his indigency. However the lower court did not inquire into the reasons for appellant's failure to pay or did it make any findings

pertaining to the willfullness of appellant's omission as required by *Bearden, supra.* Based upon our review we conclude that the lower court erred in not making a specific determination and findings in accordance with *Bearden v. Georgia, supra.*

■ The sentencing proceeding also failed to comport with the appropriate standards. *See Commonwealth v. Kane, supra; Commonwealth v. Pierce,* 497 Pa. 437, 441 A.2d 1218 (1982); *Commonwealth v. Gaus, supra; Commonwealth v. Rudy,* 304 Pa.Super. 64, 450 A.2d 102 (1982); *Commonwealth v. Gallagher,* 296 Pa.Super. 382, 442 A.2d 820 (1982); *Commonwealth v. Steward,* 276 Pa.Super. 64, 419 A.2d 96 (1980). The court gave no record explanation for recommitting appellant for the balance of his sentence. The record reflects that the parole revocation hearing concluded as follows:

THE COURT: The oral motions as filed by Counsel on behalf of Brent Walter Dorsey are denied and dismissed.

Brent Walter Dorsey is found to be in violation of the terms and conditions of his parole granted on September 4, 1980, and he is recommitted for the balance of his sentence.

THE CLERK: Costs on the Defendant?

THE COURT: Oh, Yes.

MR. CAMPBELL: [Ass't Public Defender] Your Honor, we will file written motions. This will have to be re-set for a hearing to properly deal with it.

THE COURT: Take that up with Mr. Sheetz. [Ass't District Attorney]

(Whereupon, at or about 9:56 o'clock a.m. the proceeding was concluded.)

It is apparent, the lower court failed to state on the record its reasons for the sentence and this also precludes us from determining if the lower court abused its discretion and imposed a sentence that was excessive. *Commonwealth v. Mullen,* 321 Pa.Super. 19, 467 A.2d 871 (1983); *Commonwealth v. Gaus, supra.*

The Commonwealth argues the lower court articulated its reasons for revoking parole and sentencing appellant to the balance of his sentence in its memorandum opinion. Even if we were to agree this procedure is not in accordance with *Riggins, supra.* An en banc decision of this Court concluded in *Commonwealth v. Mullen, supra,* that a sentencing court must place on the record at the time of sentencing, in the presence of the defendant, its reasons for the imposition of sentence, otherwise the sentence will not comport with *Riggins, supra.* Therefore, we may not consider the lower court's memorandum opinion in evaluating if the court's imposition of sentence violated *Riggins, supra.*

Judgment of sentence vacated and case remanded for resentencing. Jurisdiction relinquished.

SPAETH, President Judge, concurs in the result.