481 A.2d 1228

**COMMONWEALTH of Pennsylvania**

v.

**Ciro MIGLIORE, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 24, 1984.

Filed Sept. 21, 1984.

A. Charles Peruto, Sr., Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order entered by the Court of Common Pleas of Philadelphia County, revoking probation and imposing a sentence of incarceration.

The pertinent facts are as follows: In 1973, appellant shot the victim in the back, permanently paralyzing him below the waist. Appellant pled guilty before the Honorable Marvin R. Halbert to charges of aggravated assault,[1] conspiracy,[2] and possessing an instrument of a crime.[3] On July

1. 18 Pa.C.S. § 2702

2. *Id.* § 903

3. *Id.* § 907

30, 1974, appellant was sentenced to ten (10) years probation on the aggravated assault bill, conditioned upon payment to the victim of $30,000 restitution. This amount was to be paid in installments of $3000 per year. Concurrent sentences of two (2) years probation were issued on each of the remaining convictions. An initial $2000 payment was made within ninety (90) days of sentencing and a few other payments followed. However, once the figure of $6000 was reached, regular payments ceased. Following the scheduling and continuance of several violation of probation hearings, a single payment of $7800 was made in May of 1981. Despite repeated demands, no further payments have been forthcoming.

On September 7, 1983, a violation of probation hearing was held in regard to the non-payment of restitution. At the conclusion of the hearing, probation was revoked and appellant was ordered to spend eight (8) to twenty-three (23) months in the county prison. Thereafter, restitution payments were to resume.

On appeal, appellant asserts that his present incarceration is constitutionally forbidden because of the recent decision of the United States Supreme Court in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). At a minimum, appellant argues that the court below was obligated to consider, as alternatives to imprisonment, other methods of punishment. Specifically, the holding of *Bearden* states the following:

We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to

acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment. (Footnote omitted).

*Bearden, supra,* 461 U.S. at 672, 103 S.Ct. at 2073, 76 L.Ed.2d at 233. This holding has been interpreted by another panel of this court as requiring a trial court to inquire into the reasons for a defendant's failure to pay and to make findings pertaining to the willfulness of a party's omission. *Commonwealth v. Dorsey,* 328 Pa.Super. 241, 476 A.2d 1308, 1312 (1984).

Turning to the record, it is clear that the trial court did in fact inquire into the reasons for appellant's failure to pay. Appellant, through his counsel, stated that he was no longer able to work due to a physical disability, and that he had already obtained a second mortgage on his home and was unable to obtain further loans. However, the record also revealed that since the original order of probation was made in 1974, appellant had sold his residence for $70,000, netting approximately $32,000 on the sale. Appellant and his wife then took $25,000 of the proceeds and used it for a down payment on a new home in New Jersey. During this same period, appellant also sold his liquor license for a reported sum of $11,000. In addition, while the record did reveal that appellant was currently unemployed due to a heart condition, such disability did not occur until 1980, at which point appellant was already considerably in arrears.

Based on this evidence, the trial judge concluded that, "It has become abundantly clear to this court that the defend-

ant had the ability to pay restitution which was due and owing, but chose not to do so when the ability was there. Rather, he refused to pay, postponed paying, and generally flaunted this court's order .... In the present case, this court has found that the defendant's failure to pay when he had the ability, the capacity, and the money, was a willful failure to pay and in direct violation of this court's order." (Lower Court Opinion, 3–4).[4]

Here, the trial court inquired into the reasons for appellant's failure to pay and made specific findings of willfulness as dictated by *Commonwealth v. Dorsey, supra.* Having concluded that the appellant had in fact willfully refused to pay restitution, the court then revoked probation and sentenced the appellant to imprisonment, a perfectly proper result under *Bearden.* Moreover, once the trial court had found that appellant had willfully refused to pay, it was not under any obligation to consider alternatives to incarceration. The *Bearden* decision imposes such a responsibility only in those instances where a probationer "... could not pay despite sufficient bona fide efforts to acquire the resources to do so ..." *Bearden, supra,* 461 U.S. at 672, 103 S.Ct. at 2073, 76 L.Ed.2d at 233.

Order affirmed.

**4.** The factual scenario of the case *sub judice* was alluded to by the Supreme Court in the *Bearden* opinion. At footnote 10, the Court states in relevant part:

Numerous decisions by the state and federal courts have recognized that basic fairness forbids the revocation of probation when the probationer is without fault in his failure to pay the fine. For example, in *United States v. Boswell,* 605 F.2d 171 (CAS 1979), the court distinguished between revoking probation where the defendant did not have the resources to pay restitution and had no way to acquire them—a revocation the court found improper—from revoking probation where the defendant had the resources to pay or had negligently or deliberately allowed them to be dissipated in a manner that resulted in his inability to pay—an entirely legitimate action by the trial court.

*Bearden, supra,* 461 U.S. at 660, 103 S.Ct. at 2071, 76 L.Ed.2d at 230.