J-S40032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY R. LARISON | : | |
| | : | |
| Appellant | : | No. 3005 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 23, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004524-2021

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED FEBRUARY 18, 2025**

Jeffrey R. Larison ("Larison") appeals from the judgment of sentence imposed following the revocation of his parole. We vacate the judgment of sentence and remand for further proceedings.

We briefly summarize the relevant factual and procedural history. On April 25, 2022, Larison entered an open guilty plea to driving under the influence—high rate of alcohol,[1] after he crashed his vehicle into a parked tractor trailer. On August 9, 2022, the trial court imposed a sentence of forty-eight hours to six months' imprisonment and ordered Larison to pay restitution of $51,167.97 to the insurer of the company that owned the tractor trailer.

Larison filed a timely post-sentence motion for reconsideration of the restitution portion of his sentence. At the hearing on the post-sentence

_____

[1] 75 Pa.C.S.A. § 3802(b).

motion, the parties stipulated that the trial court should make restitution a part of Larison's direct sentence, and the Commonwealth indicated that it did not intend for regular payments of restitution to be a condition of his supervision. *See* N.T., 11/22/22, at 4-5 (prosecutor stating she agreed with defense counsel that restitution should be a part of Larison's direct sentence because it was not the Commonwealth's intention that he "be continuously violated over and over again for not paying" restitution).

On December 27, 2022, the trial court entered a stipulated order that granted in part the motion for reconsideration, reducing the amount of restitution to $46,167.97 and providing that restitution was "a part of [Larison's] direct sentence" and "not imposed as a condition of probation." Order, 12/27/22, at 2; *see Commonwealth v. Hall*, 80 A.3d 1204, 1215 (Pa. 2013) (stating that a sentencing court may impose restitution either as a direct sentence or as a condition of probation). The order further indicated that "[p]er [] 42 Pa.C.S.[A.] § 9728(b), a civil judgment for this restitution amount is automatically entered upon execution of" the order. Order, 12/27/22, at 2 n.1.

On January 6, 2023, the trial court issued a bench warrant for Larison based on his arrest on new charges and his failure to comply with the conditions of supervision. After a *Gagnon II* hearing[2] on April 25, 2023, the

_____

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973). "When a parolee or probationer is detained pending a revocation hearing, due process requires a

*(Footnote Continued Next Page)*

trial court found Larison in violation of his parole and recommitted him to full back-time of 158 days with immediate parole. The court further directed Larison to "[c]omply with rules and regulations governing [p]arole," which now included the payment of "$46,167.91 restitution [] at the rate of $100/month," as well as community service. Sentencing Order, 4/25/23. Larison indicated his agreement with the revised conditions of supervision at the **Gagnon II** hearing and did not file a notice of appeal from the April 25, 2023 judgment of sentence. **See** N.T., 4/25/23, at 4.

On October 23, 2023, the trial court convened a second **Gagnon II** hearing based on Larison's failure to complete community service. However, Larison's parole officer received a report on the day of the hearing, indicating that he had fulfilled his community service requirement. **See** N.T., 10/23/23, at 3, 13-14. The Commonwealth argued that the court should nevertheless revoke Larison's parole based on his nonpayment of restitution. **See id**. at 4-5, 18. Larison waived any objection to the lack of notice of this alleged violation and did not dispute his failure to make any restitution payments. **See id**. at 14-15, 19. The court revoked Larison's parole based upon nonpayment of restitution and reimposed the sentence of 158 days of back-

_____

determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation" occurred. **Commonwealth v. Ferguson**, 761 A.2d 613, 617 (Pa. Super. 2000) (emphasis omitted). When there is a finding of probable cause, the court must hold a second, more comprehensive hearing, referred to as a **Gagnon II** hearing, before making a final revocation decision. **See id**.

time, with immediate parole. Larison filed a timely notice of appeal. Both he and the trial court have complied with Pa.R.A.P. 1925.

Larison presents the following issues for our review:

1. Did the trial court err in determining that nonpayment of restitution was a violation of supervision where restitution was imposed as part of [Larison's] direct sentence but payment of restitution was not a condition of supervision?

2. Did the trial court err in revoking parole on the basis of nonpayment of restitution without first determining if [Larison's] nonpayment was willful?

Larison's Brief at 4 (suggested answers omitted).

Larison first argues that the trial court erred by revoking his parole for failure to pay restitution when the trial court made payment of restitution a part of his direct sentence. We review a sentence imposed following revocation of parole to determine "whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). As stated above, a sentencing court may impose restitution either as a direct sentence or as a condition of probation. *See Hall*, 80 A.3d at 1215.

When deciding whether to revoke parole, the revocation court must determine "whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order." *Id*. at 290. A court may only revoke parole after finding that the

- 4 -

defendant violated a condition of parole for which he had notice. **See Pa.R.Crim.P. 708(B)(2); *see also Commonwealth v. Koger***, 295 A.3d 699, 707 (Pa. 2023). "The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." ***Kalichak***, 943 A.2d at 291.

Section 1106, which governs restitution when imposed as a part of the direct sentence, states in relevant part:

> **(a) General rule.—**Upon conviction for any crime wherein:
>
>> (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime . . .
>>
>> . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> **(b) Condition of probation or parole.—**Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, the offender's compliance with such order may be made a condition of such probation or parole.
>
> \* \* \* \*
>
> **(f) Noncompliance with restitution order.—**Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section . . . shall notify the court within 20 days of such failure. . . . Upon such notice of failure to make restitution . . . , the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole.

18 Pa.C.S.A. § 1106(a)-(b), (f).

Larison argues that the trial court erred by finding him in violation of "a parole condition that does not exist." Larison's Brief at 16. Larison maintains

that: (1) the trial court imposed restitution as a part of his direct sentence; and (2) the intent of the parties, as memorialized in the court's original August 9, 2022 sentencing order, as modified on December 27, 2022, was for Larison to avoid a parole violation due to nonpayment of restitution. Where the court did not make payment of restitution a condition of supervision, Larison contends, the proper means for enforcement of his obligation to pay was a contempt proceeding.

The trial court addressed Larison's claim, concluding that the December 27, 2022 stipulated order lacked any language that precluded the court from revoking his parole based on nonpayment of restitution. **See** Trial Court Opinion, 2/26/24, at 12.[3]

Based on our review of the record, we conclude that the trial court did not err in finding that Larison violated a condition of his parole that he make regular restitution payments. **See Kalichak**, 943 A.2d at 291. Larison correctly observes that the trial court did not make payment of restitution a condition of his supervision at the time of the **original** sentencing. However,

_____

[3] While Larison asserted in his Pa.R.A.P. 1925(b) concise statement that the trial court also lacked jurisdiction to revoke his parole following the entry of civil judgment on the original restitution sentence, he abandoned that argument where his brief contains only a vague, one-sentence reference to the civil judgment as an alternate method for collection of restitution. **See** Larison's Brief at 24; **see also** Pa.R.A.P. 1925(b) statement, 1/8/24, at 2 (unnumbered). In any event, we agree with the trial court that 42 Pa.C.S.A. § 9728(b), which establishes the procedure for entry of a civil judgment for a restitution sentence, does not preclude a sentencing court from enforcing its restitution order as a condition of parole supervision. **See** Trial Court Opinion, 2/26/24, at 11-12.

Larison ignores that consistent with Section 1106(b), **after** the court revoked his parole and recommitted him on April 25, 2023, the trial court imposed a parole condition that he make regular restitution payments in its new sentencing order. **See** 18 Pa.C.S.A. § 1106(b) ("Whenever restitution has been ordered [as a direct sentence] and the offender has been placed on [] parole, the offender's compliance with such order may be made a condition of such [] parole.").

The December 27, 2022 imposition of restitution as a part of Larison's direct sentence did not preclude, in the event Larison violated his parole, a subsequent parole condition to make regular restitution payments. As the trial court explained, the language of the stipulated order did not prohibit the revocation of Larison's parole based on nonpayment of restitution. **See** Trial Court Opinion, 2/26/24, at 11-12. Furthermore, by its plain language, Section 1106(f) authorized the trial court to revoke Larison's parole following his failure to make restitution payments as required by the April 25, 2023 sentencing order. **See** 18 Pa.C.S.A. § 1106(f) ("Upon [] notice of failure to make restitution . . . , the court shall order a hearing to determine if the offender is in contempt of court **or** has violated his [] parole.") (emphasis added).

Accordingly, where Larison was on notice that payment of restitution was a condition of his parole, the trial court's placement of such condition was consistent with the restitution statute, and there was no dispute that he failed

to make the required restitution payments, Larison's first issue does not merit relief.

In his second issue, Larison argues that the trial court erred in revoking his parole absent a determination that his failure to pay restitution was willful and not merely the result of an inability to pay. Upon review, the trial court concedes that it did not find that Larison's nonpayment was willful and requests a remand for a new violation of parole hearing. **See** Trial Court Opinion, 2/26/24, at 6. The Commonwealth concurs. **See** Commonwealth's Brief at 18.

Our law is clear that a court may not revoke probation or parole based on an offender's nonpayment of restitution absent a determination that the failure to pay was willful. **See** 18 Pa.C.S.A. § 1106(c)(2)(iii) (providing the court "[s]hall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay."); **see also Bearden v. Georgia**, 461 U.S. 660, 672 (1983) (holding that a court shall not revoke probation based on failure to pay restitution or fines without finding that the probationer's nonpayment was willful); **Commonwealth v. Dorsey**, 476 A.2d 1308, 1312 (Pa. Super. 1984) (applying **Bearden** in appeal from revocation of parole and holding that court may not revoke parole for nonpayment of costs and fines absent a finding of willfulness).

> [A] proper analysis [regarding the nonpayment] should include an inquiry into the reasons surrounding the [offender's] failure to pay, followed by a determination of whether the [offender] made a willful choice not to pay[.] After making those determinations, if the court finds the [offender] could not pay despite sufficient

bona fide efforts to acquire resources to do so, the court should then consider alternatives to incarceration[.]

*Commonwealth v. Allshouse*, 969 A.2d 1236, 1242 (Pa. Super. 2009) (citation omitted).

Based on our review, we conclude that the trial court erred in revoking Larison's parole without assessing his ability to pay restitution. The trial court did not find that Larison's nonpayment was willful, and in fact the court appeared to credit his testimony that he was unable to make any restitution payments due to his outstanding child support obligations. *See* N.T., 10/23/23, at 19, 25-26 (trial court stating that it was "sympathetic to [Larison's] financial obligations" to his children and did not want to "penalize [him] for paying [his] child support first . . . before this insurance company is reimbursed"). Therefore, we vacate Larison's judgment of sentence and remand for the trial court to conduct a new violation of parole hearing, at which it shall make the requisite findings regarding Larison's ability to pay.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025