J-A06024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD TRIGGIANI | : | |
| | : | |
| Appellant | : | No. 595 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 23, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005872-2008

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED APRIL 8, 2025**

Appellant, Leonard Triggiani, appeals from the judgment of sentence imposed on January 23, 2024, following the revocation of his parole for failure to pay restitution. After careful review, we vacate the judgment of sentence.

On December 1, 2008, Appellant pled guilty to one count of insurance fraud, and the court sentenced him to 11 ½ to 23 months' incarceration, with no credit for time served, and to pay $10,603.59 in restitution to the victim. The sentence was imposed to be served concurrently with his other pending insurance fraud cases. Relevantly, the only notation relative to restitution is that it was to be paid first—prior to any other amounts owed. No specific conditions of supervision were entered.

_____

[*] Former Justice specially assigned to the Superior Court.

On April 4, 2011,[1] a ***Gagnon II*** hearing was held, during which Appellant stipulated to the date, notice, purpose of the hearing, as well as the violations and the recommendations of the Adult Probation and Parole Service. The violation was alleged to be "the sum of restitution." N.T., 4/4/11, at 3. Upon questioning by the court, Appellant acknowledged that he still owed money on this case. ***See id.*** at 3-4. The court confirmed Appellant was making regular payments and stated that "[a]s long as you keep doing that you are going to be able to stay out of jail." ***Id.*** at 4. The court then accepted the recommendation from Adult Probation and Parole Service, that Appellant's parole be revoked; that he be sentenced to full back time of 11 and ½ months with immediate parole, and that he make "regular payments." ***Id.*** The new sentencing order indicated a sentence of full back time of 11 and ½ months, and included the condition that Appellant make regular payments. Notably, the order was left empty in the section designating a sentence of restitution, including any amount owed. ***See*** Sentencing Order, 4/4/11.

---

[1] "A revocation hearing may be held after the expiration of the parole period and this does not automatically cause a violation of the parolee's right to a speedy hearing." ***Commonwealth v. Dorsey***, 476 A.2d 1308, 1310 (Pa. Super. 1984) (citations omitted). "A revocation hearing however, must be held as speedily as possible and within a reasonable time after the parole violation." ***Id.*** (citations omitted).

Here, Appellant's original sentence, including parole, should have ended November 1, 2010. Accordingly, it appears this initial violation hearing occurred months after the expiration of his parole. However, it is unclear from the record when Appellant received notice of a violation. As no one has questioned the timeliness of this hearing, we do not further address it.

Since 2011, the trial court has found Appellant in violation of his parole just over a dozen times. Each time, a **_Gagnon II_** hearing was right at the tail end of Appellant's term of back time, often within a week of the date on which his parole was set to end. During each hearing, the violation was noted to be a failure to pay outstanding restitution and the court agreed with the recommendation that Appellant's parole be revoked, and that he be sentenced to full back time, with immediate parole. Appellant was continuously directed to make "regular payments." Notably, each new sentencing order left the section for restitution empty, and did not otherwise note an amount of restitution owed.

At the most recent **_Gagnon II_** hearing on January 23, 2024, the court noted that Appellant still owed $4,059 in restitution. **_See_** N.T., Gagnon Hearing, 1/23/24, at 4. Appellant's counsel stated that Appellant had been making regular payments as directed. **_See id._** at 4-5. Counsel clarified that Appellant was currently paying between $10 and $20 a month, which was lower than past monthly payments, due to his limited income and outstanding bills from his wife's cancer treatment. **_See id._** at 5-6, 13. The Commonwealth acknowledged Appellant had been making monthly payments but suggested that the current payments of $10 a month was not enough and constituted a violation. **_See id._** at 14 ("At $10 a month you just have to put some sort of more effort towards to finish that remaining balance of $4,000. And I think that that still is a violation."). The court, after a lengthy discussion regarding

- 3 -

future social security benefits, for which Appellant was not yet eligible, revoked Appellant's parole, and again sentenced him to full back time of 11 ½ months with immediate parole. ***See id.*** at 16. The court again directed Appellant to "make regular payments" towards restitution. ***See id.*** at 16-17. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Did the trial court lack legal authority to repeatedly revoke Appellant's parole for the purpose of monitoring and enforcing a direct sentence of restitution where restitution was not imposed as a condition of parole and the sentence of incarceration had otherwise run?

2. Did the trial court err in finding a violation of parole on the basis of nonpayment of restitution where the sentencing order instructed Appellant to make regular payments toward restitution, Appellant made regular payments toward restitution, and the Commonwealth introduced no evidence of missing regular payments toward restitution?

3. Did the trial court err in finding a violation of parole on the basis of nonpayment of restitution absent an express finding at the time of the hearing that nonpayment was willful?

4. To the extent the trial court's determination included a finding of willfulness, did the trial court err in considering Appellant's future income as a factor in its determination that nonpayment of restitution was willful?

Appellant's Brief, at 4 (suggested answers omitted).

Appellant first argues the trial court lacked legal authority to revoke his parole for failure to pay restitution where restitution was not imposed as a condition of parole. We review a sentence imposed following revocation of parole to determine "whether the revocation court erred, as a matter of law,

in deciding to revoke parole and, therefore, to recommit the defendant to confinement." ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (citation omitted).

A court may only revoke parole after finding the defendant violated a condition of parole for which he had notice. ***See*** Pa.R.Crim.P. 708(B)(2); ***see also Commonwealth v. Koger***, 295 A.3d 699, 707 (Pa. 2023). "The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion." ***Kalichak***, 943 A.2d at 291 (citation omitted).

Section 1106, which governs restitution when imposed as a part of the direct sentence, states in relevant part:

> **(a) General rule.**—Upon conviction for any crime wherein:
>
> > (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime ...
>
> ... the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> **(b) Condition of probation or parole.**—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, the offender's compliance with such order may be made a condition of such probation or parole.
>
> \* \* \* \*
>
> **(f) Noncompliance with restitution order.**—Whenever the offender shall fail to make restitution as provided in the order of a judge, the probation section ... shall notify the court within 20 days of such failure .... Upon such notice of failure to make restitution ..., the court shall order a hearing to determine if the

- 5 -

offender is in contempt of court or has violated his probation or parole.

18 Pa.C.S.A. § 1106(a)-(b), (f).

Appellant maintains restitution was imposed as a part of his direct sentence. Accordingly, Appellant argues that where the court did not make payment of restitution a condition of supervision, the proper means for enforcement of his obligation to pay was a contempt proceeding.[2]

Based on our review of the record, Appellant is correct that the trial court did not make payment of restitution a condition of his supervision in the original sentencing order. However, pursuant to Section 1106(b), after the court revoked his parole and recommitted him,[3] the trial court imposed a parole condition that he make "regular payments" towards restitution in its new sentencing orders. **See** 18 Pa.C.S.A. § 1106(b) ("Whenever restitution has been ordered [as a direct sentence] and the offender has been placed on

_____

[2] We briefly acknowledge Appellant's reliance on a non-precedential decision of this Court, **Commonwealth v. Bolds**, 163 EDA 2021 (Pa. Super. filed January 7, 2022) (unpublished judgment order), for the proposition that the issue of revocation of supervision is moot where a civil judgment for restitution has been imposed.

Superior Court Operating Procedure 65.37 provides that "unpublished, non-precedential, memorandum decisions" may be relied on for persuasive value in certain enumerated circumstances. 210 Pa. Code. § 65.37(b). **Bolds** is, however, a judgment order and not an unpublished, non-precedential, memorandum decision. Accordingly, we will not rely on it here.

[3] It is unclear whether the prior parole revocations were proper, as the reason for the revocations was identical every time. However, the prior parole revocations are final and not currently before us.

[ ] parole, the offender's compliance with such order may be made a condition of such [ ] parole.").

Accordingly, while restitution may have originally been imposed as part of Appellant's direct sentence, this did not preclude the court from making regular restitution payments a subsequent parole condition. Section 1106(f) then authorized the trial court to revoke Appellant's parole if he failed to make regular restitution payments. *See* 18 Pa.C.S.A. § 1106(f) ("Upon such notice of failure to make restitution, or upon receipt of the contempt decision from a magisterial district judge, the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole.").

After a review of the record, we find Appellant was put on notice that regular payments towards his restitution was a condition of his parole. However, the record shows that Appellant did make regular restitution payments; he simply did not pay the restitution balance in full.

This leads us to Appellant's remaining issues in which he contends the trial court erred in finding a violation of parole on the basis of nonpayment of restitution where the sentencing order only instructed Appellant to make regular payments towards restitution, and he made regular payments. Appellant further contends it was error to find him in violation absent an express finding at the time of the hearing that his nonpayment was willful.

In its opinion, the trial court admits "Appellant could have, and should have, completed the original sentence in this case more than a decade ago"

but argues the continuance of his parole over the last decade is proper because "Appellant continually has shirked his responsibilities to the court, himself, his family, his community, and society …." Trial Court Opinion, 5/3/24, at 2.

The court also states that at the most recent *Gagnon II* hearing, it properly found Appellant was in violation of parole based on its consideration that over a 14-month period, Appellant only paid $120.00 toward restitution in his criminal cases, $70 of which was applied to this case. Notably, we cannot find any such discussion or acknowledgment of this assertion in the hearing transcript.

Finally, the trial court argues that Appellant violated his parole by violating Rule 10A, *see* Trial Court Opinion, 5/3/24, at 3, 8, which lists the general rules of parole, including that a parolee make payment of any assessment, fine, penalty, lab fee, or restitution imposed by the sentencing court. Importantly, this general rule does not include a requirement that restitution be paid in full or be paid in a certain amount of time. In any event, we can find no support for this assertion in the record. Rule 10A was never mentioned during the hearing, nor is it indicated in the new sentencing order. In fact, Rule 10A has never once been mentioned during any of the *Gagnon II* hearings in this case and there is no proof in the record that Appellant was ever notified of Rule 10A.

Instead, it is clear from the record that the reason for revoking Appellant's parole was his failure to pay off his restitution in full—a condition that has never been imposed on Appellant. The only condition imposed on Appellant was to make "regular payments." It appears uncontested from the record that he has done so for the last 14 years.

Appellant also argues the trial court erred in revoking his parole absent an express finding that his failure to pay restitution was willful and not merely the result of an inability to pay. The trial court contends that its imposition of full back time with immediate parole constituted a specific finding that Appellant's failure to pay was willful. We do not agree.

Our law is clear that a court may not revoke probation or parole based on an offender's nonpayment of restitution absent a determination that the failure to pay was willful. **See** 18 Pa.C.S.A. § 1106(c)(2)(iii) (providing the court "[s]hall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.").

> [A] proper analysis [regarding the nonpayment] should include an inquiry into the reasons surrounding the [offender's] failure to pay, followed by a determination of whether the [offender] made a willful choice not to pay[.] After making those determinations, if the court finds the [offender] could not pay despite sufficient bona fide efforts to acquire resources to do so, the court should then consider alternatives to incarceration[.]

*Commonwealth v. Allshouse*, 969 A.2d 1236, 1242 (Pa. Super. 2009) (citation omitted).

Here, we can find no relevant discussion of Appellant's willfulness in the January 2024 *Gagnon II* hearing transcript. The only testimony heard relevant to this inquiry was Appellant's testimony that he was unable to make larger restitution payments due to limited income and substantial medical bills from his wife's cancer treatment. The court also acknowledged that he was making payments towards outstanding restitution in other cases as well.

Based on our review, we are constrained to find that the trial court erred in finding a violation of parole on the sole basis of nonpayment of full restitution. Where there is no violation of parole, a determination of willfulness is unnecessary. Due to our disposition, we need not make a determination regarding Appellant's final two questions.

While we decline to apply *Bolds* here, we do share similar concerns as the Court noted in that case. *See Bolds*, 272 A.3d at FN1. It is equally concerning to this Court that the trial court repeatedly found Appellant in violation of his parole for failing to pay full restitution even though there was never any formal payment schedule and no clarification in the sentencing orders of the balance owed, despite the fact it is uncontested that Appellant had been making regular monthly payments as ordered by the court. This is especially concerning in light of the fact that the maximum sentence for a third-degree felony is 7 years' imprisonment, and Appellant has now been under sentence for twice that amount of time.

As the trial court erred in revoking Appellant's parole, we vacate the judgment of sentence of full back time. Appellant should no longer be serving a sentence. The court can enforce the remaining payment of restitution through its contempt powers through the already entered civil judgments.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/8/2025