J-S48001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH TURNER | : | |
| | : | |
| Appellant | : | No. 205 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0008412-2021

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 19, 2025**

Appellant, Kenneth Turner, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County entered on February 15, 2023. On appeal Appellant challenges the weight of the evidence supporting his convictions and the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the pertinent facts as follows:

Charla Herrington (hereinafter "Ms. Herrington") testified that on July 7, 2021, while employed at Home Gallery furniture store, she received an aggressive call from Appellant indicating he was en route.  Ms. Herrington told the warehouse manager, Theodore Matela (hereinafter "Mr. Matela"), about the call and requested he come downstairs.  Appellant arrived at the store upset about a defective piece of furniture.  He was cursing and screaming they "stole his money" and he was "going to fuck them up." Ms. Herrington and Mr. Matela attempted to resolve the situation.

As Appellant continued to argue, he pushed Ms. Herrington out of the way and lunged towards Mr. Matela.  Ms. Herrington retreated to call the police when Appellant punched Mr. Matela twice in the

face. As the two men were fighting, Mr. Matela fell over a recliner, enabling Appellant to grab a ceramic lamp and smash it over Mr. Matela's head causing a significant amount of bleeding. Appellant then grabbed a metal lamp and continued to attack Mr. Matela, screaming "I'm going to kill you." Appellant left the store before the police came.

Mr. Matela's testimony is analogous to that of Ms. Herrington regarding the attack. Appellant hit him in the center of the forehead with the ceramic lamp, then eight to ten times throughout his upper body with the metal lamp. He was transported to the hospital with four lacerations on top of his head, received multiple stitches on his forehead, and required concussion protocol. Mr. Matela was unable to work for a month, attended follow-up doctor visits, and has a permanent scar on his forehead from the attack.

Appellant testified that he was calm when he entered the store and Mr. Matela was aggressive. He further indicated he was hit with the metal lamp first and used that same lamp, after, in retaliation.

Trial Court Opinion, 4/9/2024, at 2-3 (citations to the record omitted)

[Appellant] was arrested on [the same day of the attack], and charged with Aggravated Assault (F1), Possession of Instrument of Crime W/Intent (M1), Terroristic Threats W/Intent to Terrorize Another (M1), Simple Assault (M2), and Recklessly Endangering Another Person (M2). The case proceeded by waiver trial on October 27, 2022, where Appellant was found guilty on all charges. Sentencing was deferred for Pre-Sentence Investigation (PSI) Report and metal health evaluation. On February 15, 2023, Appellant was sentenced to 3½-7 years' incarceration on Aggravated Assault, followed by 3 years consecutive probation, on Possession of Instrument of Crime W/Int, and no further penalty on the remaining charges.

On February 24, 2023, Appellant filed a Motion for Reconsideration of Sentence, denied by operation of law on June 26, 2023. Appellant's amended PCRA petition, filed on October 4, 2023, was granted by agreement of the parties and appellate rights were reinstated *nunc pro tunc* on January 5, 2024. Appellant filed notice of appeal on January 7, 2024.

*Id.* at 1-2 (citations omitted) (unnecessary capitalization omitted).

This appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

In his first claim, Appellant asserts that the incident at issue here was simply a mutual fight and, therefore, the trial court erred in not granting his post-sentence motion that the verdict was against the weight of the evidence. Concise Statement, at 1; *see also* Appellant's Brief, at 17. We disagree.

The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court.

*Commonwealth v. Juray*, 275 A.3d 1037, 1046-47 (Pa. Super. 2022) (quotation marks and citations omitted) (alteration in original). The same

standard applies to bench trials such as the trial in this case. ***Commonwealth v. Banniger***, 303 A.3d 1085, 1095 (Pa. Super. 2023).

> The trial court addressed the weight of the evidence as follows.
>
> Appellant alleges the verdict was against the weight of the evidence because the incident was a mutual fight. This claim is factually false and does not merit relief.
>
> . . . .
>
> The [trial court]'s finding in Appellant's case was not against the weight of the evidence. The guilty determination was based on videos, exhibits, and testimonial evidence. The [court] heard testimony from Ms. Herrington and Mr. Matela[,] graphically detailing the incident. The testimony of the two witnesses [was] very similar, each corroborating the other's version of the incident. Their testimony revealed Appellant was the aggressor who initiated the fight, threw the first punch, and attacked Mr. Matela with a ceramic and metal lamp, causing serious bodily injury. Photo exhibits presented showed the scene of the incident, the bloody lamps used in the attack, and the extent of injuries and bleeding inflicted on Mr. Matela. [The court] also viewed video of the incident which confirmed the Appellant as the aggressor and attacking Mr. Matela with the lamps. Finally, [the court] heard Appellant's testimony wherein he acknowledged that he attacked Mr. Matela with the metal lamp. Though Appellant also testified he was not the aggressor, [the court] found that [the] statement lacked credibility in light of the evidence.
>
> In evaluating the testimony and evidence utilized to determine Appellant's guilt, [the court] had the full opportunity to assess each witness's credibility and then make relevant factual determinations. Thus, the verdict was not "so contrary to the evidence as to shock one's sense of justice." Therefore, there is no merit to Appellant's challenge to the weight of the evidence.

Trial Court Opinion, 4/9/2024, at 4-5 (citations omitted).

- 4 -

Our standard of review when presented with a challenge to the weight

of the evidence is distinct from the standard of review applied by the trial

court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Juray*, 275 A.3d at 1047 (citation omitted).

> Stated in other words,

> our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007)

(internal citations omitted). An appellate court cannot substitute its judgment

for that of the finder of fact. *Commonwealth v. Champney*, 832 A.2d 403,

408 (Pa. 2003). "The weight of the evidence is exclusively for the finder of

fact, which is free to believe all, part, or none of the evidence, and to assess

the credibility of the witnesses. . . . It is not for [the appellate court] to

- 5 -

overturn the credibility determinations of the fact-finder." ***Commonwealth v. Blackham***, 909 A.2d 315, 320 (Pa. Super. 2006).

Based on our review of the record and of the trial court's analysis recited above, we conclude that the trial court did not abuse its discretion in denying Appellant's challenge.

Appellant asks us to reweigh the unfavorable trial testimony and credit his version of the facts. For example, Appellant argues that the Commonwealth's witnesses were not reliable and that they contradicted each other, while his version of the facts was truthful. Concise Statement at 1; ***see also*** Appellant's Brief at 18 ("Appellant told the truth and consistently told the truth while testifying"). However, it is well-established that it is not the appellate court's role to reweigh the evidence in Appellant's favor or make credibility's determinations. ***Habay***, ***Champney***, ***Blackham***, ***supra***.

Furthermore, in the context of his weight of the evidence challenge, Appellant repeatedly asserts that evidence in support of his convictions was insufficient. For example, Appellant states: "The evidence presented in this case does not prove beyond a reasonable doubt that the Appellant committed the crime he has been accused of." Appellant's Brief at 17. Elsewhere Appellant states: "The Commonwealth had the burden to prove Appellant was guilty of these acts beyond a reasonable doubt, and instead presented inconsistent, conflicting, circumstantial evidence that no reasonable jury could have concluded . . . that Appellant had committed this act beyond a reasonable doubt." Appellant's Brief at 19. Appellant overlooks the principle that "[a]

motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict." ***Juray***, ***supra***. Appellant's claims that the evidence was insufficient to sustain his convictions have no place in this challenge to the weight of the evidence.

In conclusion, Appellant is entitled to no relief on his weight of the evidence claim.

Next, Appellant challenges the discretionary aspects of his sentence, alleging harshness, excessiveness, and unreasonableness. We disagree.

Issues concerning the discretionary aspects of a sentence are not appealable as of right. To invoke this Court's jurisdiction, an appellant must satisfy the following four-pronged test by demonstrating that he: "(1) timely appealed; (2) properly preserved his objection in a post-sentence motion; (3) included in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal; and (4) raised a substantial question that the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Strouse***, 308 A.3d 879, 882 (Pa. Super. 2024).

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence. Pa.R.A.P. 2119(f). Where the Commonwealth objects to an

appellant's failure to fulfill the requirements of Rule 2119(f), "the sentencing claim is waived for purposes of review." ***Commonwealth v. Griffin***, 149 A.3d 349, 353-54 (Pa. Super. 2016).

Appellant here timely filed a motion for reconsideration and timely appealed from the judgment of sentence. Additionally, Appellant, included in his brief a separate concise statement of reasons relied upon for appeal. Appellant, however, fails to "sufficiently articulate[] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). Appellant merely challenges how the sentencing court weighed the sentencing factors. It is well-settled that mere dissatisfaction with the sentencing court's weighing of sentencing considerations is not sufficient to raise a substantial question for our review. ***See Commonwealth v. Moury***, 992 A.2d 162, 175 (Pa. Super. 2010).

Even if we were to proceed to address the merits of Appellant's claims, we would find that Appellant is entitled to no relief. We review challenges to the discretionary aspects of a sentence for abuse of discretion. ***Commonwealth v. Lawrence***, 313 A.3d 265, 285 (Pa. Super. 2024).

Appellant argues that the sentence was unreasonable. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Moury***, 992

A.2d at 171 (standard range sentence imposed with benefit of a PSI report, "absent more, cannot be considered excessive or unreasonable").

Here, the record reveals that the sentencing court deferred sentencing so that it could benefit from the PSI and imposed a sentence in the **mitigated** range. The court noted:

> Appellant's guidelines were compromised of a prior record score of "ZERO" and an offense gravity score of "11," producing a standard range of "54 to 72 months, plus or minus 12 months[,]" with Deadly Weapon Enhancement. The [trial court] issued a mitigated guideline sentence of 3½ to 7 years incarceration[,] followed by 3 years of probation.

Trial Court Opinion, 4/9/2024, at 7. Thus, Appellant's claim of unreasonableness fails.

Appellant also argues that his sentence is excessive because it did not match what he sought at sentencing. Appellant's Brief at 20. The sentencing court's "failure" to meet his sentencing wishes is not sufficient to show an abuse of discretion. *See Raven*, 97 A.3d at 1255 (rejecting defendant's abuse of discretion claim; "[t]he gist of Raven's argument is not that the court failed to consider the pertinent sentencing factors, but rather that the court weighed those factors in a manner inconsistent with his wishes").

Next, Appellant argues that the sentencing court failed to credit his character evidence adequately. Appellant asks us to reweigh the evidence presented at sentencing in a manner favorable to him. This we cannot do. *Lawrence*, 313 A.3d at 286 ("The balancing of the sentencing factors is the

- 9 -

sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand"; this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors") (internal citation and quotation marks omitted) (alteration in original).

Furthermore, Appellant argues the sentence imposed here is inconsistent with the holding in *Commonwealth v Dorsey*, 476 A.2d 1308 (Pa. Super. 1984). Appellant's Brief at 21. However, Appellant does not explain how *Dorsey* is relevant here. *Id.* Instead, he attempts to leave us with the task of analyzing *Dorsey* and coming up with a cogent argument in support of his challenge. It is not our role to act as Appellant's counsel. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1262 (Pa. Super. 2014) ("Since Appellant has failed to set out a relevant discussion on this issue [t]his Court will not act as counsel and will not develop arguments on behalf of [Appellant]").

Finally, while Appellant argues that the sentence imposed is inconsistent with the mandate of 42 Pa.C.S.A. § 9721(b), he provides no argument in support of the alleged inconsistencies. The argument is, therefore, waived. *Commonwealth v. Pollick*, 314 A.3d 882, 886 (Pa. Super. 2024) ("we conclude that [a]ppellant has failed to develop this argument or provide relevant legal authority supporting her position. Accordingly, we conclude that [a]ppellant's claim . . . is waived.") (citations omitted).

In light of the foregoing, we conclude that Appellant is entitled to no relief on his claims.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2025